CHARLES WINCHESTER *vs.* AUSTIN WHITNEY & others.

Worcester.    Oct. 2, 1884. — Feb. 27, 1885.    C. ALLEN & COLBURN, JJ.,
absent.

In an action by A., an accommodation indorser of promissory notes, against B. and C., as copartners under the name of B. & Co., to whose order the notes were payable, and by whom they were first indorsed, B. was defaulted; and the only question tried was whether C. was liable as a partner with him. A. testified that B., who procured A.'s indorsements on the notes, brought the notes to him with the indorsement of B. & Co. upon them; and that he had conversations with B. at such times; and offered to prove these conversations. This was excluded. A. then offered to show that B. told him in such conversations that C. was his partner in the firm of B. & Co.; but did not otherwise state the purpose for which he offered the evidence, nor what he expected to prove. *Held,* that the evidence was properly excluded.

Upon the question whether a promissory note was indorsed for the benefit of a certain person, evidence that he received the proceeds of the note is competent.

In an action by the second indorser of promissory notes against the members of a firm, to whose order the notes were payable, and by whom they were first indorsed, it appeared that the defendants had been members of the firm, but had retired before the notes in suit were made; and that no notice of the dissolution of the firm was given. The plaintiff testified that he knew the members of the firm when the defendants belonged to it. The evidence left it in doubt whether the plaintiff began to indorse for the firm before or after the dissolution. There was conflicting evidence whether the plaintiff had actual notice of the dissolution, and there were many circumstances in evidence bearing upon the question of notice to him. In his charge, the judge gave instructions in regard to notice, which were satisfactory to the plaintiff, applicable to persons who had dealt with the firm before dissolution, or had known the names of the partners. After the charge had been given, the plaintiff asked for certain

instructions as to the notice necessary in the case of a person who had known
of the firm before the dissolution, and who composed it, but had had no dealings
with it. The judge declined to add to the instructions before given. *Held*, that
the plaintiff had no ground of exception.

W. ALLEN, J. This is an action by the second indorser of
certain promissory notes against the first indorsers. The notes
are signed by J. W. Bragdon, Jr. and Company, payable to the
order of A. Whitney and Company, and indorsed by A. Whitney
and Company, and by the plaintiff, who was an accommoda-
tion indorser. Whitney was defaulted, and the only question
tried was whether the other defendants were liable as partners
with him. The plaintiff's indorsements were procured by Whit-
ney. The plaintiff testified that Whitney brought the notes to
him with the indorsement of A. Whitney and Company upon
them ; and that he had conversations with Whitney at such
times ; and offered to prove these conversations. This was ex-
cluded. The plaintiff then offered to show that Whitney told
him in such conversations that the other defendants were his
partners in the firm of A. Whitney and Company. The plain-
tiff did not otherwise state the purpose for which he offered the
evidence, nor what he expected to prove. His counsel does not
contend that the evidence was competent to prove that the de-
fendants were copartners with Whitney ; but that it was com-
petent for the purpose of showing that the indorsements were
for the accommodation of A. Whitney and Company, and were
made relying upon the credit of the defendants. If the question
whether the indorsements were for the accommodation of J. W.
Bragdon, Jr. and Company, or of A. Whitney and Company, were
material, it would seem that a conversation between Whitney
and the plaintiff at the time an indorsement was made, show-
ing for whose accommodation it was, would be competent. But
the plaintiff did not offer to prove that. The general offer that
he made would have included such evidence, if it existed, as
well as other evidence, which would be clearly incompetent, but
it did not disclose the existence of such evidence, and the excep-
tions do not show that any such was offered. The apparent
purpose for which the evidence was offered was to prove that
the defendants were copartners with Whitney, and for that
purpose any declarations of Whitney were incompetent. If the

plaintiff wished to prove particular declarations, for a different purpose, he should have stated what he expected to prove, and the purpose of it. The only specific offer that was made was of a declaration of Whitney, which had no tendency to prove that the note was signed for the accommodation of A. Whitney and Company, rather than of J. W. Bragdon, Jr. and Company.

The plaintiff's counsel argued that the declaration of Whitney was competent upon the question whether the plaintiff in fact gave credit to the defendants as members of the firm of A. Whitney and Company. Credit was given to A. Whitney and Company. The only question in controversy was whether the defendants were, as regarded the plaintiff, members of the firm. The declaration of Whitney, made at the time of the indorsement, that the defendants were partners, is admitted not to be competent evidence of that fact; it is equally incompetent to prove by such evidence that the plaintiff believed them to be partners.

The evidence of J. W. Bragdon, Jr., put in by the defendant against the exception of the plaintiff, that the plaintiff, before the notes in suit were given, had indorsed similar notes for J. W. Bragdon, Jr. and Company, and that they had received the proceeds, seems to have been admitted upon the question whether the notes in suit were indorsed for their accommodation or for that of A. Whitney and Company. The only objection made to it is, that it was not competent to prove that Bragdon and Company received the proceeds of the notes, without evidence that the plaintiff had knowledge of the fact. Upon the question whether the notes were indorsed for the benefit of Bragdon and Company, the fact that they received the proceeds is competent. The question involved the relation of Bragdon and Company, as well as of the defendants, to the notes. The sufficiency of the evidence to prove the defendants' relation to the notes is not in question. There was other evidence to prove that.

One exception to the refusal of the court to give a specific instruction asked for remains to be considered. The defendants had been members of the firm of A. Whitney and Company, but had retired before the notes in suit were given. No notice of the dissolution of the firm was given. The plaintiff testified that he knew the members of the firm when the defendants

belonged to. it.   The evidence left it in doubt whether the plaintiff began to indorse for the firm before the dissolution or after. There was conflicting evidence whether the plaintiff had actual notice of the dissolution, and there were many circumstances in evidence bearing upon the question of notice to him.   After the charge had been given to the jury, the plaintiff asked for certain instructions as to the notice necessary in the case of a person who had known of the firm before this dissolution, and who composed it, but had had no dealings with it.   The court declined to add to the instructions before given.   The instructions asked for, whether the plaintiff was or was not entitled to them, had been given in substance.   In the charge, the court gave instructions in regard to notice, which were satisfactory to the plaintiff, applicable to persons who had dealt with the firm before dissolution, or had known the names of the partners.   Having given the instructions as applicable to both classes, the court properly refused to repeat them as applicable to one class.

*Exceptions overruled.*

*F. A. Gaskill*, for the plaintiff.
*F. P. Goulding & R. Hoar*, for the defendants.